## Case No. 14,736.

### UNITED STATES v. CARILLO.

[Hoff. Dec. 40.]

District Court, N. D. California. Sept. 7, 1859.

MEXICAN LAND GRANT—SURVEY—OBJECTIONS BY SETTLERS.

[1. Under Act June 14, 1860, settlers can object to the location of the grant only through the United States district attorney.]

[2. On a petition for a sobrante lying between various ranchos, a grant was made by the governor of "three square leagues, a little more or less, as the respective diseño explains." On the diseño a considerable tract was delineated, but a smaller space was enclosed in yellow lines, and marked "What is solicited." Held, that this reference in the grant to the diseño did not necessarily indicate that it included only the space

[1] [Reported by Hon. William Cranch, Chief Judge.]

so marked, but the presumption rather was that three leagues was granted to be taken anywhere within the tract bounded by the ranchos named.]

[Claim by Joaquin Carillo to a certain tract of land.]

HOFFMAN, District Judge. The survey in this case having been made and duly published, it was, on the motion of the district attorney, ordered into court. A monition was issued in this court, and at the return day various parties intervened in the proceeding, under the provisions of the act of June 14, 1860 [12 Stat. 33]. Among these interveners were several parties who had purchased lands from the claimant which were not included in the survey. The claimant also appeared, while settlers, whose lands were, as alleged, erroneously embraced within it, appeared, by the district attorney, in the name of the United States.

On the hearing, the claimant admitted that the tracts sold by him should be included in the survey, and further consented that the location might be so modified as to exclude all lands in possession of settlers, provided three leagues, (the quantity granted,) were embraced in the survey and within the limits of the original grant. A decree to this effect was entered, with the consent of all parties, and a new survey, made in pursuance thereof, has been approved and adopted by the final decree of the court. A motion is now made on behalf of certain other settlers whose lands are included in the last survey to open the decree, and relocate the grant. The effect of this relocation, if made as desired, will be to include a large number of settlers, who are now excluded, and to exclude perhaps an equal number who are now included in the survey.

The district attorney, after examining into the merits of the case, came to the conclusion that the location ought not to be disturbed. He accordingly refused to move to open the decree, on behalf of the United States, and the motion is now made by private counsel, employed by that portion of the numerous settlers on the rancho who are dissatisfied. There would seem, at first sight, no reason for admitting these persons to become parties to the proceeding after so long a delay, and a neglect to bring their rights to the notice of the district attorney, or the court. The monition, advertisements, and proclamations gave them ample notice that the survey might be modified so as to include their lands; nor could they have been ignorant that the chief ground of objection to it was the fact that several tracts, long since sold by the claimant to bona fide purchasers, were not embraced within it. If the survey were modified, so as to include their tracts, it was evident that their own settlements must also be embraced within it, or if not necessarily so embraced, that a contest would arise as between various settlers, some of whom would neces-

sarily be included, and others left out. As against those settlers, therefore, who had made known their rights to the district attorney, and in whose behalf he intervened, the others, who slept on their rights, would seem to have no equities. But the statute presents an insuperable obstacle to allowing these parties now to intervene.

By the 3d section of the act of 1860, it is provided that "all parties claiming interest by preemption, settlement or other right or title derived from the United States, shall not be permitted to intervene separately, but the rights and interests of such parties shall be represented by the district attorney of the United States, aided by counsel acting for such parties jointly, if they think proper to employ such counsel." Under this provision the parties claiming under the United States, who brought their claims to the notice of the district attorney, have been heard, and as that officer now declines to appear in the name of the United States for other parties, I cannot perceive how, under the act of congress, I can permit them "to intervene separately," and in their own names.

But it is urged that the Appwood survey is clearly without the exterior limits of the tract originally granted, and that the court, on being so informed, should, on its own motion, open and set aside its decree. But this statement is denied, as a matter of fact. To ascertain whether or not it be true the decree must be opened, and, if necessary, further testimony taken. But the decree has already determined that the survey is of the proper quantity and within the limits of the grant. It is difficult, therefore, to see how the court, at the suggestion of counsel, who, in this view, is a mere amicus curiæ, and represents no party who has a standing in court, or is entitled to be heard, can proceed to re-examine and set aside its own final adjudication. But it is said that as this decree was by consent, it ought not to be treated like a deliberate determination, by the court of contested questions. It is true that the decree was by consent—that is, that the claimant admitted the justice of all the objections urged, and consented to any modification of the survey which might be desired, provided that the quantity granted were given to him, and the lands sold to him were included. And in this proposition all parties acquiesced. Under such circumstances it is at least doubtful whether the court can make itself the representative of persons not parties to the cause, and who, the statute declares, shall be represented by the district attorney intervening in the name of the United States. If the decree be opened, the survey which has been approved will still be objected to by any party to the proceeding, and all objections to it must be urged by the court, or by an amicus curiæ who represents its views. Certainly, to justify so anomalous a proceeding, a very clear case ought to be shown, where the court has

been induced by the parties to make a palpably erroneous decree,—a case extremely improbable where the interests of the United States, and all parties claiming adversely to them are represented by numerous and intelligent counsel. I have, however, examined the objections presented, to see whether, as alleged, so clear an error has been committed by the court as would induce the existence of a doubtful jurisdiction to rectify it.

The original petition of Carillo was for a sobrante lying between various ranchos, and extending in width from the hills of Mayacanes as far as the law permitted, which he supposed to be five or six leagues, but subject to the boundaries of the adjoining ranchos, when they should be measured. Those measurements not having been made, the proceeding was suspended, and the applicant in the meantime allowed to occupy, but not build upon, the land. In the succeeding year the claimant renewed his petition, and apprised the governor that, owing to the neglect of the colindantes, no measurements had yet been made. He therefore prayed for an immediate grant of the land. Jimeno, to whom the petition was referred, reported that there seemed no objection to making the grant, subjecting the petitioner to the measurements of the colindantes, and not allowing him to occupy more than three square leagues, which was all that remained vacant. The grant was, accordingly, issued. The land granted is described as bounded "by the rancho de Cotate, by that of D'a Mar. Ignacio Lopez, by the Lagunas, by the rancho of Don Juan Cooper, by that of Don Marcos West, and by that of Don Juan Wilson, subject to the measurement of the colindantes when possession shall be given them of the lands they actually possess." The fourth condition is in the usual form: "The land donated is three square leagues, a little more or less, as the respective diseño explains." On the diseño a considerable tract of country is delineated, but a smaller space is enclosed by yellow lines, and marked "What is solicited." The lines of the survey do not, in all respects, conform to the yellow lines thus delineated; and the question arises, did the governor, by referring to this diseño, mean to concede that particular tract, or did he, as the grant declares, intend to concede three leagues of land, to be taken out of a tract of which the boundaries were to be the boundaries of the adjoining ranchos, when the same should be established, and to which the grant to the claimant should be subordinate. It appears to me that the latter was more probably his intention. The expediente discloses that the governor was indisposed to make any grant to Carillo until the neighboring lands had been measured; and though he finally consented to do so, it is not to be presumed that, without any knowledge of the true location of those boundaries, he determined to grant a specific tract, which might very possibly encroach upon them.

Nor would such a proceeding have been just to the claimant; for, if the land granted was precisely that contained within the yellow lines, and if it in part included—as was, in fact, the case—lands belonging to an adjoining rancho, the claimant would have no means of making up the deficiency, for the yellow lines would circumscribe him on all sides. It seems to me far more reasonable to suppose that the governor intended to grant three leagues to be taken within the tract bounded by the ranchos named; and the· diseño was drawn by the petitioner, and referred to by the governor, as indicating the supposed lines of the colindantes, but not as designating, by the natural objects delineated, the precise location of lines which were as yet unascertained. If this view be correct, it follows that within the boundaries of the adjoining ranchos, as subsequently established, the claimant had a right to elect where his three leagues should be taken; and, having sold portions of the tract to bona fide purchasers for value, he would not be at liberty even if disposed to make a location which would not include their lands.

It is not pretended that the survey is without the limits of the tract bounded as has been stated. The only objection urged is that it is in part without the limits of the tract delineated by yellow lines. That objection being disposed of, and found to be of very doubtful validity, I see no reason for the court to interpose, as has been suggested, of its own motion, to correct a manifest error. The motion is therefore denied.